# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUNATE ZEKE PACKARD, ) | 1:05-CV-01082 GSA HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT FOR |
| K. PROSPER, Warden, ) | RESPONDENT |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated July 23, 2007, this case was assigned to the Magistrate Judge for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by plea of no contest on October 23, 2003, to first degree residential robbery, second degree robbery, and home invasion robbery in violation of Cal. Penal Code § 211. See Lodged Document[1] No. D. Petitioner also admitted the gun use enhancement allegation. Id. On January 27, 2004, the trial court

---

[1] "Lodged Document" refers to the state court records and transcripts lodged by Respondent with her answer.

1  imposed the upper term of six years on the first count, plus ten years for the gun use enhancement,
2  for a total determinate term of sixteen years. Id. The court imposed concurrent sentences of three and
3  nine years for the remaining counts. Id.
4      Petitioner thereafter appealed the conviction.  On August 4, 2005, the California Court of
5  Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), affirmed the conviction. Id.
6      On May 16, 2005, Petitioner filed a petition for review with the California Supreme Court.
7  See Lodged Document No. E.  On June 15, 2005, the California Supreme Court denied review
8  without prejudice to any relief Petitioner might be entitled to following the Court's determination in
9  two other cases. See Lodged Document No. F.
10     On June 29, 2005, Petitioner filed the instant petition for writ of habeas corpus in the
11 Sacramento Division of the United States District Court for the Eastern District of California. On
12 August 23, 2005, the petition was transferred to the Fresno Division. In his petition, Petitioner raises
13 one ground for relief: he claims his sentence is unconstitutional under Blakely v. Washington. On
14 February 15, 2006, Respondent filed an answer to the petition. Petitioner did not file a traverse;
15 however, on March 27, 2007, he filed a pleading entitled "Notice of Claim of Unconstitutionality."

**FACTS**

17  Because Petitioner's challenge is limited to his sentencing, the underlying facts of the case
18 are not relevant to this petition and will not be restated here.

**DISCUSSION**

20 **I.  Jurisdiction**

21     Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
22 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
23 the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
24 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
25 Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court,
26 which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly,
27 the Court has jurisdiction over the action.
28     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

2 Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

3 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

4 *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

5 (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

6 filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

1 writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
2 question of law or if the state court decides a case differently than [the] Court has on a set of
3 materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
4 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state
5 court identifies the correct governing legal principle from [the] Court's decisions but unreasonably
6 applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

7      "[A] federal court may not issue the writ simply because the court concludes in its
8 independent judgment that the relevant state court decision applied clearly established federal law
9 erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A
10 federal habeas court making the "unreasonable application" inquiry should ask whether the state
11 court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

12      Petitioner has the burden of establishing that the decision of the state court is contrary to or
13 involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
14 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states,
15 Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court
16 decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th
17 Cir.1999).

18      AEDPA requires that we give considerable deference to state court decisions. The state
19 court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's
20 interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537
21 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

22 **III.  Review of Petition**

23      In his sole ground for relief, Petitioner argues the sentence imposed was unconstitutional. He
24 claims the court referenced aggravating factors as a basis for imposing an aggravated term. He states
25 the aggravated factors were neither admitted by him nor found to be true by a jury.

26      The instant claim was first presented on direct appeal to the Fifth DCA. On April 4, 2005, the
27 Fifth DCA denied the claim in a reasoned opinion. See Lodged Doc. No. D. Petitioner then presented
28 the claim to the California Supreme Court, where it was summarily denied on June 15, 2005. See

Lodged Doc. No. F. The California Supreme Court, by its "silent order" denying review of the Fifth DCA's decision, is presumed to have denied the claims presented for the same reasons stated in the opinion of the Fifth DCA. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In selecting the upper term, the sentencing court noted that Petitioner had a serious juvenile record and was on probation at the time of the current offenses. See Lodged Doc. No. D. The court further noted that the offenses were vicious and involved separate acts of violence against three separate victims. Id. The probation report stated Petitioner had one misdemeanor adjudication for possession of a short-barreled shotgun, and felony adjudications for receiving stolen property and vehicle theft. The court indicated it would use these factors as aggravating factors rather than using them to sentence Petitioner to consecutive terms. Id.

In rejecting this claim, the Fifth DCA stated:

> *Blakely* and *Apprendi* both specifically excluded the fact of prior convictions from their holdings. [Citations.] The prior conviction exception in *Apprendi* has been broadly construed to apply to facts relating to a defendant's recidivism. [Citations.] The fact that [Petitioner's] two prior felonies were committed as a minor does not alter the fact that [Petitioner] is a recidivist offender. He was still on probation for the most recent felony adjudication when he committed the current offenses.
>
> Since one valid factor in aggravation is sufficient to expose a defendant to the upper term, [Petitioner's] sentence is not affected by *Blakely*. [Citation.]

Id.

The state court determination was not unreasonable. As correctly noted above, Blakely and Apprendi specifically excepted the fact of a prior conviction from the holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000); Blakely v. Washington, 542 U.S. 296, 301 (2004). Therefore, the trial court did not violate the holdings in Apprendi or Blakely when it considered Petitioner's prior convictions in computing his sentence.

Moreover, as correctly noted by Respondent, Petitioner specifically waived his right to a jury determination of his case by entering a negotiated plea agreement. See Lodged Doc. No. I at 244-246. Petitioner entered his plea of no contest with the understanding that he would be sentenced to a total term of 16 years. Id. "It is well settled that a voluntary and intelligent plea of guilty made by an

1  accused person, who has been advised by competent counsel, may not be collaterally attacked."
2  Mabry v. Johnson, 467 U.S. 504, 508 (1984).
3       Accordingly, the state court adjudication of the claim did not result in a decision that was
4  contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in
5  a decision that was based on an unreasonable determination of the facts in light of the evidence
6  presented. See 28 U.S.C. § 2254(d). The claim must be rejected.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE; and

2) The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated:   **May 8, 2008**     /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE